UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                              :         Chapter 11

TRIUMPH INVESTMENT GROUP, INC.   :

        Debtor                         :         Bankruptcy No. 09-10488bf

...............................................

STATEMENT OF REASONS IN SUPPORT OF ORDER

...............................................

        AND NOW, Pinecrest National Funding, LLC, having filed a motion to terminate the automatic stay,

        And upon consideration of the debtor's opposition thereto,

        And the debtor filed a voluntary petition in bankruptcy under chapter 11 on January 26, 2009,

        And the debtor is a subchapter S Delaware corporation located in Middletown, Delaware.  It owns real property located at 747-49 North 63rd Street, Philadelphia, Pennsylvania.  It owns no other assets.  Its sole shareholder is Mr. Richard Ross.  The debtor's sole employee is Mr. Charles Myers, the son-in-law of Mr. Ross,

        And Pinecrest received a promissory note from the debtor dated May 3, 2007 in the principal amount of $1,300,000.  Ex. P-1.  Interest payments only were due on this note, with a balloon payment due on maturity: June 1, 2008.  Id.,

        And this note was secured by a mortgage on the 63rd Street realty.  Ex. P-2,

        And the debtor borrowed these funds from Pinecrest to refinance a prior loan, and to complete renovations of the realty so that it could lease the realty to commercial tenants,

And when the debtor was unable to tender the balloon payment required on June 1st, the parties agreed to modify the loan documents to extend the maturity date of the loan until September 1, 2008. Motion and Answer, ¶ 6,

And on September 1, 2008, the debtor was unable to tender the balloon payment and the loan was in default,

And Pinecrest sued the debtor in foreclosure and later in ejectment, and obtained an order scheduling the debtor's ejectment from the 63rd Street realty on January 27, 2009. That ejectment, however, was stayed by the instant chapter 11 bankruptcy filing one day earlier,

And the debtor was unable to complete the renovations to the building and has no cash on hand with which to do so,

And the debtor believes that the remaining renovations are located in the non-public area portions of the building. It is attempting to rent the 4 story, 16,000 square foot building on terms requiring triple net leases, with the tenants completing the renovations needed for occupancy of their leaseholds,

And one potential tenant is an entity owned by Mr. Ross's daughter who would operate a day-care center,

And the debtor asserts that its only creditor is Pinecrest, with Pinecrest contending that it is owed more than $1.5 million in principal and accrued interest. The City of Philadelphia, though, has filed two secured proofs of claim, one for about $830 and the other for approximately $5,400, claiming unpaid water and sewer rents and property taxes,

And Pinecrest offered evidence that the 63rd Street property is worth only $680,000 in its present condition as of December 9, 2008 and $950,000 if the building were completed and fully rented. Ex. P-4. The appraiser, however, did not have access to the interior of the building and thus made assumptions as to its condition, assumptions the debtor contends are unfounded,

And the debtor maintains that the realty is worth more than Pinecrest's outstanding secured claim, but offered no admissible evidence as to current value,

And 11 U.S.C. § 101(51B) provides:

The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

And 11 U.S.C. § 362(d) states:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
***
(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later–

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments that–

3

> > (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
> >
> > (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate[.]

And, as one commentator has concluded:

Section 362(d)(3), added by the Bankruptcy Reform Act of 1994, and amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, provides that relief from the stay of acts against ''single asset real estate,'' as defined in section 101, must be granted unless, within the latest of (1) 90 days after the order for relief, (2) such longer period as the court determines during the initial 90-day period or (3) 30 days after the court determines that the debtor is subject to the single asset real estate provisions, the debtor files a reorganization plan that has a reasonable possibility of being confirmed within a reasonable time, or the debtor has commenced monthly payments equal to interest at the then applicable nondefault contract rate of interest on the value of a consensual lien creditor's interest in the property.
\*\*\*
The purpose of section 362(d)(3) is to address perceived abuses in single asset real estate cases, in which debtors have attempted to delay mortgage foreclosures even when there is little chance that they can reorganize successfully. Section 362(d)(3) attempts to shorten such cases by requiring that the court grant relief from the stay if a reasonable plan is not filed promptly or payments are not commenced. The court may, of course, grant relief under subsection 362(d)(1) or (2) when it is appropriate to do so even if the the applicable time period in subsection (d)(3) has not run. This might occur, for example, if the court determines that the case was commenced in bad faith and that the debtor is not entitled to bankruptcy relief.

> Although technically the court may condition or modify the stay rather than terminate it, it appears that the legislative intention was to terminate the stay when the debtor neither proposes a viable plan nor makes payments to the secured party. A court should refuse to terminate the stay only when there is a strong reason for offering lesser relief.

3 Collier on Bankruptcy, ¶ 362.07[5], [b] (footnotes omitted),

And the Bankruptcy Abuse and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 444, amended section 362(d)(3) by adding, inter alia, the phrase "or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later." The legislative history states that this amendment "requires a court to grant relief from the automatic stay within 30 days after it determines that a single asset real estate debtor is subject to this provision." H.R. Rep. No. 109-31, Pt. 1, at 95, 109th Cong., 1st Sess. (2005),[1]

And I hereby conclude that Pinecrest holds a secured claim on real estate that is single asset real estate within the meaning of section 101(51B) and that the provisions of section 362(d)(3) are applicable,

And as the 90 period from the date of the commencement of this case has expired, the debtor shall have 30 days from the date of this order to file a plan of reorganization "that has a reasonable possibility of being confirmed within a reasonable time." In re ACA Real Estate LLC, 2008 WL 4899024, at *1 (Bankr. M.D.N.C. Nov. 12,

---

[1]Prior to the amendment, in a single asset real estate case the debtor was obligated to either commence interest payments or file a viable plan within 90 days from the commencement of the case. See In re Pensignorkay, Inc., 204 B.R. 676, 683 (Bankr. E.D. Pa. 1997) ("Since, the Debtor did not file a Chapter 11 plan within 90 days after the filing of its petition, LC is entitled to relief from the automatic stay pursuant to Code § 362(d)(3)."). The 2005 amendment to section 362(d)(3) modified the filing deadline, probably because it was unclear in some instances whether a case was indeed a single asset real estate case. Thus, the 2005 amendment added a 30-day deadline from the court's finding on that issue.

2008); In re Kara Homes, Inc., 363 B.R. 399, 407 (Bankr. D.N.J. 2007).[2]  Absent such a filing, the bankruptcy stay shall be terminated.[3]

An appropriate order shall be entered, with a final hearing scheduled shortly after the 30-day plan submission period has expired.[4]

_____
BRUCE FOX
United States Bankruptcy Judge

Dated:  April 23, 2009

---

[2] As the debtor has no tenants nor other income generated from the realty, it apparently could not comply with the pay provisions of section 362(d)(3)(B)(i).

[3] I appreciate that Pinecrest's motion is broadly written and would include relief under subsections 362(d)(1) and (2).  A viable reorganization plan, however, may provide adequate protection under section 362(d)(1) and meet a debtor's burden under section 362(d)(2)(B).
Given my discretion in applying section 362(d), see, e.g., In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990); In re Wilson, 116 F.3d 87, 89 (3d Cir. 1997), and given that this motion was filed four days after this case commenced and the original hearing date was postponed with the consent of the movant, affording the debtor 30 days to demonstrate a viable reorganization plan consistent with amended section 362(d)(3) seems appropriate in these circumstances.

[4] Section 363(e) permits a final hearing to be held more than 30 days from the conclusion of the preliminary hearing when required by compelling circumstances.